# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Jordan Flake, individually and as Guardian Ad Litem for J.F., a minor,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>American Airlines, Inc.,  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No.: 3:20-cv-01192-JMC<br><br>**ORDER APPROVING SETTLEMENT** |

This matter comes before the court upon the Verified Petition for Approval of Minor Settlement of Plaintiff Jordan Flake, seeking approval of a compromise settlement of all claims and causes of action of herself and her minor son, J.F., against American Airlines, Inc. (ECF No. 25.) After consideration of the Petition and all attached documents and representations made by the parties, the court makes the following findings:

1. On February 24, 2020, Plaintiff filed actions in state court in Richland County and Lexington County, South Carolina entitled *Jordan Flake, individually and as Guardian ad Litem for J.F., a minor v. American Airlines, Inc.* (*See* ECF No. 1-2.) Following service of the state court action on American, American removed the case to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*See* ECF No. 1.)

2. This court has subject-matter jurisdiction over the action pursuant to 28 U.S.C. § 1332. All the parties are properly before the court, and no questions exist as to misjoinder or nonjoinder of parties.

3. This action arises out of events which occurred on February 28, 2019 during the boarding process of a flight operated by American. On February 28, Plaintiff, and her minor son,

1

J.F., boarded American Flight No. AA399 to travel from El Paso International Airport in Texas to the Dallas/Fort Worth International Airport ("DFW") in Texas. Plaintiff and her son were subsequently scheduled to travel from DFW to the Columbia Metropolitan Airport in Columbia, South Carolina.

4. Plaintiff and her son suffer from ichthyosis, a genetic skin disorder. During the boarding process, members of the American flight crew noticed that Plaintiff and her son had a visible skin condition. After being seated on the plane, an American employee asked the passengers in seats near Plaintiff to exit their seats so that he could privately talk with Plaintiff. An American employee asked Plaintiff if she and her son were ill. Plaintiff stated that she had a skin condition, which the employee attempted to privately research and evaluate the situation with the cabin crew and captain. Based on apparent concerns that Plaintiff and her son had a communicable illness and/or needed medical attention, Plaintiff and her son were privately asked to deplane. American provided hotel and meal vouchers for Plaintiff, rescheduled their flights, upgraded Plaintiff and her son on the next flight, and refunded the full value of their ticket. Plaintiff and her son were able to fly to DFW and then to the Columbia Metropolitan Airport the following day.

5. Neither Plaintiff nor her minor son, J.F., received any medical or psychological treatment as a result of the claims asserted in this litigation.

6. Plaintiff filed suit against American in her individual capacity and as guardian for her minor son, J.F., in which she asserted claims for defamation, invasion of privacy—wrongful intrusion into private affairs, invasion of privacy—public disclosure of private facts, intentional infliction of emotional distress, and negligence against American.

7. Although American denies Plaintiff's allegations and any liability to Plaintiff, her

Complaint contains sufficient grounds to state a claim against American upon which relief can be granted.

8.     While denying any liability to Plaintiff, American has agreed to settle any alleged claims arising in relation to the events that are the subject of this lawsuit. Because the claims of a minor are being settled, this settlement is subject to the approval of this court pursuant to Federal Rule of Civil Procedure 17 and Local Civil Rule 17.02 (D.S.C.).

9.     It appears that due consideration has been given to the advisability of accepting the proposed settlement offer of Twenty Thousand Dollars and no/100 cents ($20,000.00), to be paid as outlined in the Verified Petition. Plaintiff has recommended to the court that the settlement as outlined in the attached Verified Petition be approved.

10.     Upon reading and carefully considering the Verified Petition and the attached exhibits, and upon seeing, observing, and interviewing Plaintiff, I have concluded that the proposed settlement is fair and just, is in the best interests of the minor child, J.F., and that the same should be approved. In accordance with Local Rule 17.03, total costs and fees for Plaintiff's counsel of Six Thousand Eight Hundred Forty-Six Dollars ($6,846.00) are approved and will be disbursed from the settlement.

**IT IS THEREFORE ORDERED** that the settlement as set forth in the Verified Petition (ECF No. 25) is hereby approved and that upon payment and receipt of the sum of Twenty Thousand Dollars and no/100 cents ($20,000.00) as set forth in the Verified Petition and Settlement Agreement and Release of All Claims ("Release"), Plaintiff is authorized and directed to execute the Release fully and completely discharging American Airlines, Inc., American Airlines Group, Inc., their successors, predecessors, assigns, affiliates, parent companies, subsidiaries, shareholders, officers, directors, agents, insurers, attorneys, and employees, of and from any and all claims, past, present, and future, known and unknown, which Plaintiff and the minor, J.F., have, or may in the future be entitled to have, on account of the matters

set forth in the Complaint and Verified Petition.

This is not an Order for Judgment, but merely an approval of the settlement as provided by the Federal Rules of Civil Procedure and the Local Civil Rules for the District of South Carolina. **IT IS ORDERED** that the Clerk of Court shall not enter this as a money judgment.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 25, 2021
Columbia, South Carolina

4